IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

American Home Mortgage Servicing, Inc.        Case No. 06-CV-2326

      Plaintiff,

      vs                                          MEMORANDUM & OPINION

Dennis M. Szabo, et al.

      Defendants.

Defendant Dennis Szabo removed this case from the Lucas County Court of Common Pleas on September 27, 2006. Upon reviewing the Complaint, it is evident there is no basis for federal subject matter jurisdiction. Accordingly, this case is hereby remanded to state court *sua sponte*.

A state court action may be removed to federal court if the federal court otherwise has original jurisdiction over the action. 28 U.S.C. § 1441(a). The Court has an independent obligation to assure itself that subject matter jurisdiction exists. *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). In this case, Defendant claims that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may not transform an action based on state law into one arising under federal law by merely injecting a federal question. *Id*. at 399. The Complaint in the instant case is based on Ohio law, and the mere suggestion of a federal counterclaim in the Notice of Removal is not sufficient to confer federal question jurisdiction.

Absent a federal question, federal district courts may entertain diversity suits where the amount in controversy exceeds $ 75,000 and where the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). While the parties here appear to be diverse, the Complaint reveals that the amount in controversy requirement has not been met. This is a foreclosure action involving an unpaid note of $32,165, well below the $75,000 requirement.

This case is void of federal question and diversity jurisdiction. Therefore, removal was improper pursuant to 28 U.S.C. § 1441(a), and this case is remanded to the Lucas County Court of Common Pleas.

IT IS SO ORDERED.

*s/   Jack Zouhary*
Jack Zouhary
United States District Judge

October 5, 2006